IN UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| William Thomas Feehan, Plaintiff, | ) | No.: |
| vs. | ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| City of Berwyn, a municipal corporation, Berwyn Police Department, Detective Nicholas Mantucca, Detective Joseph Manfredini, and Ms. Joni Kalstrup, Defendants. | ) | |

# COMPLAINT

NOW COMES the Plaintiff, William Thomas Feehan, by and through his attorneys, Kelly & Bracey Law Offices, and for his complaint against Defendants City of Berwyn, a municipal corporation, Berwyn Police Department, Detective Nicholas Mantucca, Detective Joseph Manfredini, and Ms. Joni Kalstrup, states as follows:

## I. INTRODUCTION

1. Plaintiff brings this action seeking damages for Defendants' Violations under 42 U.S.C. Section 1983. Plaintiff brings this civil rights action to redress the deprivation, under color of state law, of rights, privileges and immunities secured unto Plaintiff by provisions of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Plaintiff alleges that Defendants violated his constitutional rights in ways that include the following: 1) conducting an unreasonable search and seizure; 2) unlawfully arresting Plaintiff; 3) denying Plaintiff his due process rights and equal protection under the laws; and 4) in addition, this action

seeks damages for Illinois State law claims for malicious prosecution and intentional infliction of emotional distress.

## II. JURISDICTION

2. Jurisdiction of this Court arises under, 28 U.S.C. Section 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367.

## III. PARTIES

3. The Plaintiff is a natural person residing in Cook County, Illinois.

4. The Defendant City of Berwyn is a municipality located within Cook County, Illinois. Berwyn Police Department is the police department of the City of Berwyn.

5. The Defendants Nicholas Mantucca and Joseph Manfredini are police officers with the Berwyn Police Department.

6. The Defendant Joni Kalstrup is a natural person residing in Cook County, Illinois.

## COUNT I: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1983 FALSE ARREST AND UNLAWFUL SEIZURE

1-6 Plaintiff repeats and realleges and incorporates by reference the first six paragraphs of this complaint as paragraphs 1-6 of Count I.

7. On Friday, October 21, 2022, the Plaintiff, William Thomas Feehan, resided at 9208 South Sproat Avenue, Oak Lawn, IL.
8. Plaintiff owned a 2015 Ford Fusion at the time.
9. Plaintiff also owned a Samsung Galaxy S8+ smartphone.
10. On Friday, October 21, 2022, Defendant Joseph Manfredini and Phillip Quattrocchi, Peter Podgorski, Matthew Burke (Berwyn Police Department), and Brendan Reilly

(Forest Park Police Department), went to Plaintiff's home, where Defendant Manfredini (lead officer on-scene) told the Plaintiff he wanted to question him about his vehicle being involved in a crime by way of a license plate issue.

11. Per arrest report (Berwyn Police Department Incident #22-08582), a total of five (5) officers were on-scene at 9208 South Sproat Avenue, Oak Lawn, IL.
12. Plaintiff had no prior arrests.
13. Plaintiff walked outside his home with Defendant Manfredini and another officer on-scene where he met up with two (2) other officers.
14. Defendant Manfredini only at that time informed Plaintiff that he and other officers were with the Berwyn Police Department.
15. Defendant Manfredini and other officers on-scene arrested him outside and away from his home on the basis of, what is now known, a false complaint.
16. Defendant Manfredini and other officers on-scene did not present any warrant issued by judge or magistrate.
17. Plaintiff dutifully complied with the orders of Defendant Manfredini.
18. Defendant Manfredini and other officers on-scene failed to read Plaintiff his Miranda rights upon detention of freedom.
19. Prior to transporting Plaintiff to the Berwyn Police Department (6401 West 31st Street, Berwyn, IL.), Defendant Manfredini abruptly stopped in front of the Plaintiff's home and requested the key to the Plaintiff's 2015 Ford Fusion.
20. Defendant was granted permission to acquire keys only after he had placed Plaintiff in handcuffs and, subsequently, detained.

21. Defendant (unknown officer on-scene) then drove Plaintiff's vehicle away from his home to the Berwyn Police Department, where it was either driven to or towed by Metro Garage & Towing, Inc. (6201 West 26th Street, Berwyn, IL.).
22. Plaintiff was then transported by Defendants Manfredini and Podgorski in an unmarked Berwyn Police Department vehicle with his wrists handcuffed behind his back and without being secured with a seatbelt. Time of departure from Plaintiff's home was at/around 9:45AM [CST].
23. After arrival at the Berwyn Police Department at/around 10:15AM [CST], processing was conducted by Officer Salvadore Gamino at the Berwyn Police Department's booking department/holding cell area (search of person, removal of belt and shoes, fingerprinting, and confiscation of belongings – one pack of cigarettes, lighter, and aforementioned Samsung Galaxy S8+ smartphone).
24. After waiting for between three (3)-four (4) hours in a holding cell, Detective Nicholas Mantucca and Detective Gregory Lill met with the Plaintiff at approximately 2:14PM [CST].
25. Plaintiff was, at this time, finally issued his Miranda warning.
26. Plaintiff consented to and requested that the meeting be recorded (both audio and visual).
27. After the Plaintiff was asked if he knew why he was arrested and replying with being told about something to do with his license plates being spotted in the commission of a crime, the Plaintiff was informed that the contact initiated by Defendant Manfredini and Officer Lill was actually a "ruse" to get the Plaintiff into custody to investigate a complaint of stalking (720 ILCS 5/26.5.) made against him by Defendant Joni Kalstrup.

28. Plaintiff told Defendant Mantucca and Lill that the last time he physically saw Defendant Kalstrup was, to the best of Plaintiff's recollection, on/around Monday, June 15, 2020 after their romantic involvement with one another ended. Note: Plaintiff did not have access to a calendar to accurately verify this claim, but the date may have actually been Sunday, June 14, 2020.

29. After the initial interview with Defendant Mantucca and Officer Lill ended, Plaintiff was then escorted back to the Berwyn Police Department's booking department/holding cell area by Defendant Mantucca.

30. Plaintiff then noticed on a dry-erase board in the Berwyn Police Department's booking department/holding cell area that he was being held for two (2) counts of stalking (720 ILCS 5/12-7.3).

31. At this point, Defendant Mantucca took possession of Plaintiff's Samsung Galaxy S8+ smartphone through coercion in the form of a Berwyn Police Department Cellular Telephone/Media Consent to Search form.

32. Plaintiff was forced to sign said form and give password for investigation to be conducted by Detective Michael Corrigan.

33. At which time, Plaintiff was held at the Berwyn Police Department for an additional twenty-four (24) hours.

34. On the evening of Friday, October 21, 2022, calls were made to the Berwyn Police Department's booking department/holding cell area by Catherine Feehan (Plaintiff's mother), Patricia Capecci (Plaintiff's sister), Frank Sozcek (long-standing friend of the Feehan family) to check on the Plaintiff's health and well-being and try to find out why the Plaintiff was arrested to begin with.

35. Defendant Gamino responded with all inquiries with hostility and willful disregard for the Plaintiff's care while in custody.

36. Defendant Gamino's replies ranged from that the Plaintiff "could take care of himself" and "he's a big boy" to "he knows exactly why he's here."

37. Plaintiff asked for medicine – specifically some form of basic over-the counter medication like aspirin – because he developed a migraine headache undoubtedly caused by his recently-diagnosed Bell's Palsy condition along with the trauma of being arrested for a crime he did not commit.

38. Defendant Gamino did not provide any medical attention for Plaintiff.

39. Plaintiff endured an overnight stay at the Berwyn Police Department under great physical and emotional duress.

40. On Saturday, October 22, 2022, at 1:34PM [CST], Plaintiff met with Defendant Mantucca as well as Detective Thomas Hoelscher for an interrogation.

41. Plaintiff was issued his Miranda warning again.

42. Plaintiff consented to and requested that the meeting be recorded (both audio and visual).

43. Defendant Mantucca took lead in conducting interrogation while Detective Hoelscher assumed a more passive and observational role.

44. Defendant Mantucca interrogated Plaintiff regarding his whereabouts on specific dates in March, September and October 2022.
45. Plaintiff made all attempts to answer Defendant Mantucca's accurately and honestly while under great physical  and emotional duress.
46. Defendant Mantucca did not appear to be interested in Plaintiff's attempts to be truthful and honest during this interrogation.
47. Defendant Mantucca suddenly became verbally hostile with Plaintiff after he requested that Defendant Mantucca give him his Samsung Galaxy S8+ smartphone to verify his whereabouts.
48. Plaintiff was accused by Defendant Mantucca of lying to him and the other officers involved in the investigation, after which time Plaintiff invoked his Fifth Amendment right against self-incrimination under the Constitution of the United States.
49. Meeting with Defendants Mantucca and Hoelscher ended.
50. Plaintiff was then escorted back to the Berwyn Police Department's booking department/holding cell by Detective Hoelscher.
51. Per arrest report (Berwyn Police Department Incident #22-08582), Defendant Mantucca met with Illinois Assistant District Attorney (ADA) Domenica Devitt at or around 2:24PM [CST] on Saturday, October 22, 2022, following the end of interrogation of the Plaintiff.
52. ADA Devitt rejected felony charges for stalking; no reason for rejection is known.
53. Plaintiff was notified later that he was being charged with one count of disorderly conduct/breach of peace.

54. Per 720 ILCS 5/26-1(a)(1), a person is criminally liable for disorderly conduct "when he or she knowingly does any act in such an unreasonable manner as to alarm or disturb another and to provoke a breach of the peace."

55. Plaintiff was released on $100 bail from the Berwyn Police Department on/around 7PM [CST] on Saturday, October 22, 2022.

56. Plaintiff was unlawfully held in police custody for almost thirty-four (34) hours.

57. Shortly after release from the Berwyn Police Department, Plaintiff noticed that a) data was missing from his Google Maps timeline, specifically all details of whereabouts from March 16-31, 2022 and April 1-30, 2022.

58. Plaintiff did not delete said Google Maps timeline information.

59. Plaintiff also noticed, through his Google Maps timeline, that his Samsung Galaxy S8+ smartphone left the Berwyn Police Department between 12:29PM [CST] and 1:01PM [CST] while he was held in the Berwyn Police Department's booking department/holding cell area.

60. Based on Google Maps GPS positioning, it appears the Plaintiff's Samsung Galaxy S8+ smartphone was taken to what appear to be two (2) private residences by either Defendant Mantucca or, possibly, Detective Corrigan, either of whom had possession of Plaintiff's property.

61. From December 7, 2022 until December 6, 2023, the Plaintiff's criminal case was litigated by Attorney Jon Georgis through the Illinois Circuit Court of Cook County's Fourth District in Maywood, IL.

62. No detailed or substantive explanation was ever concisely given to the Plaintiff from either Defendant Mantucca or the Illinois Assistant State's Attorney, Ms. Ashley Mastro, who was assigned the Plaintiff's case, as to what act(s) the Plaintiff specifically committed that rose to the level of being charged with disorderly conduct/breach of peace.

63. The misdemeanor charge for disorderly conduct/breach of peace was adjudicated as “nolle prosequi” and dismissed with prejudice by Judge Elizabeth Ciaccia-Lezza at the Illinois Circuit Court of Cook County’s Fourth District in Maywood, IL on Wednesday, December 6, 2023.

64. At all times relevant hereto, Defendants Mantucca and Manfredini of the Berwyn Police Department acted under color of law.

65. No probable cause existed for Plaintiff’s arrest or for the seizure of Plaintiff’s personal property.

66. Plaintiff committed no crime of stalking against Defendant Kalstrup or disorderly conduct.

67. Plaintiff had to pay $500 to the Berwyn Police Department to have his vehicle released plus an additional $427 to Metro Garage & Towing, Inc.

68. As a result of all Defendants’ acts, Plaintiff suffered actual damages including emotional and physical distress, loss of his liberty, use of excessive force, loss of use of his vehicle and cell phone that were unlawfully seized, and adverse consequences to Plaintiff’s reputation, and current and future ability to seek gainful employment.

69. On or about October 21, 2022 and afterward, there was in effect Title 42 Section 1983 which states the following:

**Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party inured in an action at law, suit in equity, or other proper proceeding for redress...**

42 U.S. Section 1983.

70. Defendants Mantucca and Manfredini of the Berwyn Police Department are liable under 42 U.S.C. Section 1983 in ways that include the following:

A. unlawful arrest of Plaintiff without probable cause;
B. depriving Plaintiff of his right to be secure in his person against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States;
C. depriving Plaintiff of the right to not be deprived of life, liberty, or property without due process of law, and the right to equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States;
D. retaliation against Plaintiff for invoking his rights under the Fifth Amendment to the Constitution of the United States;
E. failing to intervene to prevent the infringement of Plaintiffs' constitutional rights;
F. intentionally denied or delayed access to medical care, violating the Plaintiff's rights under the Eighth Amendment to the Constitution of the United States;
G. exercising a deliberate indifference to the serious medical needs of Plaintiff; thus violating the Plaintiff's rights under the Eighth Amendment to the Constitution of the United States.

71. The City of Berwyn, IL. and the Berwyn Police Department are mutually liable under 42 U.S.C. Section 1983 in ways that include the following, but are not limited to:

A. The Berwyn Police Department has maintained a custom and policy of encouraging officers to remain silent regarding reporting violations of civil rights including searching homes without warrants and seizing property without warrants;
B. The Berwyn Police Department has failed to adequately train their officers and employees to assess persons arrested for medical care;

C. The Berwyn Police Department has maintained an inadequate hiring process that failed to eliminate persons incompetent to be police officers and susceptible to participate in violating a person's civil rights such as searching homes, seizing property, and arresting persons without warrants when warrants were required;
D. The Berwyn Police Department has failed to adequately train, discipline, and supervise officers that encouraged officers to violate a person's civil rights such as searching homes, seizing property, and arresting persons without warrants when warrants were required and officers to remain silent regarding such violations;
E. The Berwyn Police Department failed to adequately report, review, and investigate incidents involving violating a person's civil rights such as searching homes, seizing property, and arresting persons without warrants when warrants were required in a way that encouraged and promoted officers to participate in such unlawful acts.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants Mantucca and Manfredini for:

(a) an amount in excess of $750,000 in general, special, and actual damages, per Defendant;

(b) costs and reasonable attorneys' fees;

(c) an amount in excess of $750,000 for punitive damages, per Defendant;

(d) for such other relief as may be just and proper.

**COUNT II:**
**STATE LAW CLAIM FOR MALICIOUS PROSECUTION REGARDING WILLIAM THOMAS FEEHAN VS. DETECTIVE NICHOLAS MANTUCCA**

1-68. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-68 of Count I as paragraphs 1-68 of this Count II.

69. Defendant Mantucca engaged in malicious prosecution against Plaintiff.

70. Defendant Mantucca engaged in malicious prosecution caused damages to Plaintiff that included being arrested and causing his personal property to be seized.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Mantucca for:

A. an amount in excess of $75,000 in actual damages.

B. an amount in excess of $75,000 in punitive damages.

C. costs and reasonable attorneys' fees.

D. for such other relief as may be just and proper.

**COUNT III:**
**STATE LAW CLAIM OF MALICIOUS PROSECUTION AGAINST MS. JONI KALSTRUP**

1-68. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-68 of Count I as paragraphs 1-68 of this Count III.

69. Defendant Kalstrup made false statements that Plaintiff stalked her on Wednesday, July 13, 2022, at some point in the evening (no exact time given on Order of Protection by Defendant Kalstrup). She attested that Plaintiff was in the Berwyn Public Library parking lot where she was.

70. Plaintiff was driving for Lyft on the evening of Wednesday, July 13, 2022, and had no passengers that lived in Berwyn, IL.

71. Defendant Kalstrup made false statements that Plaintiff stalked her on Monday, September 5, 2022. She said that Plaintiff took pictures of her with a 35mm camera at 27th Street at Riverside Drive in Berwyn, IL.

72. Plaintiff was at home on Monday, September 5, 2022, and did not take any pictures of Defendant Kalstrup at 27th Street and Riverside Drive.

73. Defendant Kalstrup accused Plaintiff of stalking her on Saturday, September 24, 2022 at 5:30PM.

74. The statement was false because Plaintiff was at a baseball game at Guaranteed Rate Field in Chicago, IL on Saturday, September 24, 2022 at 5:30PM [CST] with family members.

75. Defendant Kalstrup accused Plaintiff of stalking her on Friday, October 14, 2022 at 8AM [CST].

76. The statement was false because Plaintiff was at home that day recovering from illness.

77. Plaintiff's mother, Catherine Feehan, was also having cataract surgery that morning at Advocate Christ Medical Center in Oak Lawn, IL.

78. Defendant knew her statements about stalking were false but told them to the Berwyn Police Department to cause emotional distress to Plaintiff.

79. Defendant made a false statement to the Berwyn Police Department with malicious intent and to support a false disorderly conduct case against Plaintiff.

80. Defendant Kalstrup made all aforementioned false allegations via a Circuit Court of Cook County, IL Order of Protection (Case #2022OP40650), which was served to the Plaintiff on Tuesday, October 25, 2022, by the Cook County Sheriff's Office Civil Division.

81. Plaintiff's hearing on this Order of Protection was on Friday, December 2, 2022 at the Illinois Circuit Court of Cook County's Fourth District in Maywood, IL.

82. Plaintiff's appeared with counsel, Mr. Jon Georgis, along with two witnesses (Catherine Feehan [Plaintiff's mother] and Patricia Capecci [Plaintiff's sister]) and evidence to refute Defendant Kalstrup's allegations.

83. Defendant Kalstrup planned on representing herself "pro se."

84. Defendant Kalstrup failed to appear in-person at the Order of Protection hearing.

85. Circuit Court of Cook County, IL Order of Protection Case #2022OP40650 filed by Defendant Kalstrup was stricken and dismissed with prejudice.

86. Defendant Kalstrup's unlawful actions through filing a false police report with the Berwyn Police Department and an Order of Protection with the Illinois Circuit Court of Cook County's Fourth District caused Plaintiff actual damages including emotional distress, loss of liberty due to his arrest, loss of use of his property, irreparable damage to

his reputation, and adverse consequences to Plaintiff's current and future ability to seek gainful employment.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Kalstrup as follows:

A. an amount in excess of $150,000 in actual damages.

B. an amount in excess of $50,000 in punitive damages.

C. costs and reasonable attorneys' fees.

D. for such other relief as may be just and proper.

s/ Michael G. Kelly

Attorney for Plaintiff William Thomas Feehan

Michael G. Kelly
Kelly & Bracey Law Offices
77 W. Washington St. #1415
Chicago, IL 60602
(312) 445-9500
mkelly@kellybraceylaw.com
IL Attorney Reg no. 6273989